**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARILYN MCCLAIN GOFF, ) | |
| ) | |
| Plaintiff, ) | Case No. 08-CV-71-TCK-FHM |
| vs. ) | |
| ) | On Removal from Case No. |
| SHEREE L. HUKILL, individually and ) | CJ-2008-31, District Court of |
| DR. JOE A. WILEY, individually and ) | Rogers County, State of Oklahoma |
| ROGERS STATE UNIVERSITY BOARD ) | |
| OF REGENTS, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

Defendants, the State of Oklahoma, *ex rel*., the Board of Regents of the University of Oklahoma (hereinafter, the "University") (incorrectly designated by Plaintiff as "Rogers State University Board of Regents"), Sheree L. Hukill ("Hukill"), individually, and Dr. Joe A. Wiley ("Dr. Wiley"), individually, (collectively "Defendants"), respectfully request the Court to dismiss all of Plaintiff's claims.

Subsequent to Plaintiff's termination of employment from the University, she brought suit alleging the following claims: (1) Breach of an implied contract of employment against the University; (2) Violation of First Amendment rights, brought pursuant to 42 U.S.C. § 1983, against Dr. Wiley and Hukill; and (3) Violation of Fourteenth Amendment right to procedural pre-termination due process, brought pursuant to 42 U.S.C. § 1983, against Dr. Wiley and Hukill. Through these causes of action, Plaintiff seeks actual damages, costs, and attorney's fees, plus punitive damages against only Dr. Wiley and Hukill. As indicated in the style, the matter was removed by Defendants from Rogers County.

For ease of reference, each of Plaintiff's claims will be addressed using the numerical references above indicated.

## ARGUMENTS AND AUTHORITIES

**I.  The Complaint Should be Dismissed Based on Insufficiency of Service of Process.  (Fed.Civ.R. 12(b)(5))**

The pleading subject to the present motion is the Amended Petition filed by Plaintiff in Rogers County, which will hereinafter be referred to as the "Complaint."  Plaintiff improperly served all Defendants with the original Petition and failed to even attempt service of the Complaint on any Defendant.  The improper service of the original Petition, therefore, will be addressed below.

**A.  Plaintiff failed to properly serve the University with the Complaint.**

As is evident from the Certificate of Service filed by Plaintiff, service was directed to "Rogers State University, Attn: Dr. Joe Wiley, President" at a Claremore, Oklahoma address. *See* Notice of Removal [Doc. 2], Exhibit 5 [Doc. 2-6].  Pursuant to 12 Okla. Stat. § 2004(C)(1)(c)(5); 70 Okla. Stat. §§ 3301, 3302(a), 3304, and 3305; and Const. Art. 13, § 8, the Secretary of the Board of Regents for the University of Oklahoma is the University's sole service agent.  Rather than serving the designated agent for the University, Plaintiff served the President of Rogers State University.  As is clear from the Rogers County Docket (Exhibit 1 to Notice of Removal, [Doc. 2-2]), Plaintiff filed an Amended Petition prior to ever obtaining service of the original Petition.  Not only did Plaintiff fail to properly serve the Summons and Petition, Plaintiff improperly served a superceded pleading.  Plaintiff has failed to even attempt service of the Complaint (Amended Petition) through any medium.  The attempted service on the University is fraught with flaws and, therefore, insufficient.  *See* Fed.Civ.R. 4(j)(2).

### B. Plaintiff failed to properly serve the individually named Defendants.

As is evident from the Certificate of Service filed by Plaintiff, service was directed to each of the individually named Defendants at the address for "Rogers State University" and each return receipt was signed by "B McDaniel." *See* Notice of Removal [Doc. 2], Exhibit 5 [Doc. 2-6]. Pursuant to 12 Okla. Stat. § 2004(C)(1)(c)(1) and (C)(2)(a)-(c) and Fed.Civ.R. 4(e)(1)and (2), service by mail upon these individuals is proper only at their residential addresses. Rather than serving the individuals at their respective residential addresses, Plaintiff served them at their place of business. Like with the improper service on the University, Plaintiff improperly served the individual Defendants with a superceded pleading after the Complaint (Amended Petition) had been filed and has not attempted service of the controlling pleading. *Compare* Rogers County Docket (Exhibit 1 to Notice of Removal, [Doc. 2-2]) and Certificate of Service (Exhibit 5 to Notice of Removal, [Doc. 2-6]). The attempted service on each individual Defendant is fraught with flaws and, therefore, insufficient.

### II.   The Complaint Should Be Dismissed Based on Failure to State a Claim. (Fed.Civ.R. 12(b)(6))

The Complaint fails to state any claim under Rule 12(b)(6). The Supreme Court has prescribed "a new inquiry . . . to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* ---U.S. ---, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007)). Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 127 S.Ct. at 1965. In making a 12(b)(6) determination, the Court should "look for plausibility in th[e] complaint." *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007). The specific allegations in the complaint must be

reviewed "to determine whether they plausibly support a legal claim for relief." *Id.* at 1215, n. 2; *Kay v. Bemis*, 500 F.3d. 1214, 1218 (10th Cir. 2007). A complaint must be dismissed where the plaintiff has "not nudged [his] claims across the line from conceivable to plausible." *Bell Atl. Corp.,* 127 S.Ct. at 1965; *see Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177.

Conclusory allegations that lack supporting factual averments are insufficient to state a claim on which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). Moreover, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well–pleaded factual contentions, not his conclusory allegations." *Id.*; *see also*, *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977) ("allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."); *Oppenheim v. Sterling*, 368 F.2d 516, 519 (10th Cir. 1966) ("unsupported conclusions of the pleader may be disregarded."); *U.S. v. Arp*, 141 F.Supp. 300, 305 (D.C. Wyo. 1956) ("mere conclusions of law, not warranted by asserted facts, have no efficacy."); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("all well-pleaded facts, <u>as distinguished from conclusory allegations</u>, must be taken as true.")(emphasis added); *Delatorre v. Minner*, 238 F.Supp.2d 1280, 1285 (D.Kan. 2002)("Referencing a legal theory by name and generally alleging some of its elements outside any specific factual context or without any detail will not suffice.").

Plaintiff fails to reference any actual events to substantiate the causes of action she is attempting to assert in this factually deficient Complaint. The Complaint consists of nothing more than unsupported legal conclusions couched as factual allegations. In ruling on this Motion to Dismiss, the Court should disregard these conclusory allegations and consider only the well-pleaded facts in the Complaint. As the Complaint contains only conclusions of law and personal

4

opinions not warranted by any asserted facts, those bare allegations have no efficacy and the Complaint should be dismissed in its entirety pursuant to Fed.R.Civ.P. 12(b)(6).

      **A.**     **Plaintiff fails to state a claim for breach of contract.**
             (First Cause of Action)

"Under Oklahoma state law, public employees are employed at will unless they have specific contractual arrangements entitling them to continued employment, such as tenure agreements." *Bunger v. University of Oklahoma Bd. of Regents*, 95 F.3d 987, 990 (10th Cir. 1996). "[A]n employer can discharge an employee for any reason, in the absence of a contractual provision to the contrary." *Bowen v. Income Producing Mgmt.*, 202 F.3d 1282, 1284 (10th Cir. 2000); *see also Hayes v. Eateries, Inc.*, 905 P.2d 778, 781-785 (Okla. 1995) and *Blanton v. Housing Auth.*, 794 P.2d 412, 415 and 417 (10th Cir. 1990). Plaintiff does not and cannot allege the handbook to which she refers contains substantive restrictions sufficient to form an implied contract. *See, e.g., Bowen*, 202 F.3d at 1284. A handbook that provides for progress discipline and identifies reasons for discharge is not alone sufficient to form the basis of an implied contract. *See id*. and *Miner v. Mid-America Door Co.*, 68 P.3d 212, 221 (Okla. Civ. App. 2003). Further, under Oklahoma law a clear disclaimer that the handbook does not constitute a contract nor modify the at-will employment relationship protects the employer from any such "implied contract" theory of recovery by a terminated employee. *See Bowen*, 202 F.3d at 1285, and *Miner*, 68 P.3d at 222. Plaintiff does not and cannot allege the University's disclaimer is not clear or unambiguous, nor that any actions taken by the University negated the efficacy of such disclaimer.

Plaintiff has failed to allege the existence of an express employment contract or any exception to Oklahoma's employment-at-will doctrine which could entitle her to relief against the University for her termination. Further, Plaintiff failed to allege necessary facts that could state a claim for an implied contract for employment in light of Oklahoma's clear at-will employment

doctrine. Simply alleging broad conclusions that a handbook creates an implied contract of employment is not enough to actually state a claim for breach of contract. It is an unreasonable burden and waste of state resources to allow a terminated state employee to stroll into court and boldly claim, without basis in law or fact, that an employment contract exists and then require the state to defend such a claim through discovery and to the summary judgment stage. The University respectfully requests the Court dismiss Plaintiff's First Cause of Action for failure to state a claim.

### B.   Plaintiff fails to state a Section 1983 claim for 1st Amendment violation.
(Second Cause of Action)

The basic requirements of a complaint based upon Section 1983 are: (1) that the conduct complained of was engaged in under color of state law, and (2) that such conduct subjected the plaintiff to a deprivation of rights, privileges, or immunities secured by the Federal Constitution and laws. *See Jones v. Hopper*, 410 F.2d 1323, 1326-27 (10 Cir. 1969). It is clear from the face of the Complaint that Plaintiff has not and cannot state a 1983 claim for violation of her First Amendment right to freedom of speech.

Plaintiff alleges she was terminated for participating in an in-house investigation into a dispute between the University and another employee. Complaint ¶¶ 20-22. Plaintiff alleges her participation was limited to one telephone conference with in-house counsel wherein she expressed her support for some of the employees involved in the dispute and questioned the way Hukill was supervising. Complaint ¶ 20. Also of importance is that Plaintiff does not plead either Dr. Wiley or Hukill were aware of the substance or nature of her conversation. Plaintiff's conclusory allegations that such communication "touched upon a matter of public concern" and was "protected speech" are insufficient to state a 1983 claim for violation of the First Amendment. In *Garcetti v. Cebellos*, 547 U.S. 410, 126 S.Ct. 1951, the Supreme Court set forth a

6

five-step inquiry for free speech retaliation claims – currently referred to as the "*Garcetti/Pickering*" analysis. *Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F.3d 1192, 1202 (10th Cir. 2007). The first three steps are to be resolved by the district court. *Id*. at 1203. In reviewing the Complaint and its allegations, the Court can readily determine Plaintiff cannot overcome either of the first two steps and, therefore, fails to state a claim.

    First step: "If the employee speaks pursuant to his official duties, then there is no constitutional protection because the restriction on speech 'simply reflects the exercise of employer control over what the employer itself has commissioned or created.'" *Brammer-Hoelter*, 492 F.3d at 1202 (internal citations omitted). "Public employees who speak pursuant to their official duties are afforded 'no constitutional protection . . . .'" *Vigil v. South Valley Academy*, 247 Fed.Appx. 982, 989 (10th Cir. 2007)(unpublished disposition cited for its persuasive value consistent with Fed.R.App.P. 32.1 and 10th Cir.R. 32.1)(quoting *Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F.3d 1192, 1202 (10th Cir. 2007)). According to her allegations, Plaintiff acted not on her own, but at the invitation of in-house counsel for the University. Acquiescing to the requests of one's employer in an effort to further an investigation in an internal personnel dispute can hardly be considered outside the employee's duties as a state employee. Plaintiff, a program director for the University, would likewise be functioning in her state employee capacity in voicing concerns about the supervision of the department. It is clear the communication as alleged was performed in her function as a state employee and, therefore, not subject to the protections of the First Amendment. Even if the Court were to determine a portion of the speech was "citizen" speech, her allegations still fail to state a claim due to the second prong of the test.

    Second step: "if an employee does not speak pursuant to his official duties, but instead speaks as a citizen, the court must determine whether the subject of the speech is a matter of

7

public concern. If the speech is not a matter of public concern, then the speech is unprotected and the inquiry ends." *Brammer-Hoelter*, 492 F.3d at 1202-1203 (internal citations omitted). "When a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of a personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Connick v. Myers*, 461 U.S. 138-139 and 147, 103 S.Ct. 1684, 1685-86 and 1690 (1983). Matters concerning internal office affairs, such as are present in this matter, do not rise to the level of protected speech. *See, e.g., Connick*, 461 U.S. at 146 and 103 S.Ct. at 1690 (disgruntled employee who distributed a questionnaire throughout the office which sought opinions on supervision and management, even where one of the topics concerned potentially improper political matters, was not entitled to first amendment protection from discharge due to her expression.); *Barker v. State Ins. Fund*, 40 P.3d 463,470 (Okla. 2001)(holding Oklahoma does not have an established and well-defined public policy against discharging an employee for reporting mismanagement). "Speech that is of no public concern is not protected and the inquiry ends." *Vigil v. South Valley Academy*, 247 Fed.Appx. 982, 989 (10th Cir. 2007)(unpublished disposition cited for its persuasive value consistent with Fed.R.App.P. 32.1 and 10th Cir.R. 32.1)

The expression sought to be protected here can be characterized only as an employee grievance concerning internal office policy and/or a co-worker's perspective on an internal personnel dispute - all matters "internal in scope and personal in nature." *See Brammer-Hoelter*, 492 F.3d at 1206 (10th Cir. 2007)(quoting *Bunger v. University of Oklahoma Bd. of Regents*, 95 F.3d 987, 992 (10th Cir. 1996)(holding "[t]he First Amendment does not require public universities to subject internal structural arrangements and administrative procedures to public

8

scrutiny and debate"). Speech pertaining to internal personnel disputes (even where an employment dispute is being elevated to the level of joining similar complaints by multiple employees) and working conditions -- such as the speech here -- has never been held to be a matter of public concern. *See Woodward v. City of Worland*, 977 F.2d 1392, 1403-04 (10th Cir. 1992). It would be a detriment to the great principles of freedom of expression if the Court were to constitutionalize the speech identified by Plaintiff. Even if it were determined she was speaking as a citizen, under no circumstances could the "facts" as alleged be deemed protected speech, as the speech was nothing more than internal reporting of personnel issues and a claim of poor supervision or mismanagement. Because Plaintiff has failed to sufficiently allege her speech was protected by the First Amendment, she has failed to state a claim under Section 1983, and Dr. Wiley and Hukill respectfully request the Court dismiss the Second Cause of Action.

Furthermore, Plaintiff fails to allege any facts which would take Dr. Wiley or Hukill outside the scope of their state employment. A claim against a state employee in his/her official capacity is not cognizable under Section 1983. *Glenn v. State ex rel. Dept. of Corrections*, 1997 OK CIV APP 42, 943 P.2d 154, 155, (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, Plaintiff has failed to state a claim against Dr. Wiley or Hukill for any Section 1983 claims, and these claims should be dismissed.

    **C.**    **Plaintiff fails to state a Section 1983 claim for 14th Amendment violation.**
           (Third Cause of Action)

Oklahoma is an at-will employment state and its employees are subject to termination at any time. *See* Section II(A), pp. 5-6. Entitlement to procedural due process is invoked only where a plaintiff can show a property interest. *Bunger*, 95 F.3d 990. At-will employees do not enjoy a protected property interest in their continued employment. As evidenced in Section II(A), above, Plaintiff has failed to allege the existence of an express or implied contract or that she is anything

Case 4:08-cv-00071-TCK-FHM   Document 13 Filed in USDC ND/OK on 02/21/08   Page 10 of 14

more than an at-will employee. Plaintiff's conclusory allegations that she had a protected property right or a right to continued employment is not enough to state a 1983 claim for denial of due process.

In *Bunger,* two non-tenured University professors argued the handbook created a property interest in their reappointment entitling them to due process. The *Bunger* court disabused them of such notion and held that procedural steps provided in the handbook for reappointment did not generate a property interest in reappointment. *Bunger*, 95 F.3d 987 at 990-991. Likewise, in this matter Plaintiff (who has not and cannot allege tenure or the existence of an express contract) argues the handbook as the basis for her contract claim against the University. Complaint ¶¶ 7-9. Although Plaintiff's allegations in paragraphs twelve through fifteen of the Complaint are nothing but legal conclusions without any factual support or guidance to Defendants or the Court as to how her alleged procedural due process rights were allegedly violated, read in the most favorable light for Plaintiff, it can only be gleaned she claims the handbook created a reasonable expectancy in her continued employment, entitling her to the due process of exhausting all possible pre-termination procedures in the handbook and such procedures were denied her. Complaint ¶¶ 12-15. This is the same argument that failed in *Bunger* and led the court to conclude, "[t]his tautological argument fails because it attempts to construct a property interest out of procedural timber, an undertaking which the Supreme Court warned against. . ., [as] 'property cannot be defined by the procedures provided for its deprivation any more than can life or liberty.'" *Id*. at 990-991 (internal citations omitted); *see also Asbill v. Housing Auth. Of the Choc. Nation*, 726 F.2d 1499, 1502 (10th Cir. 1984).

Because Plaintiff has failed to sufficiently allege a viable property right subject to the protections of procedural due process under the Fourteenth Amendment, she has failed to state a

10

claim under Section 1983, and Dr. Wiley and Hukill respectfully request the Court dismiss the Third Cause of Action. Furthermore, Plaintiff fails to allege any facts which would take Dr. Wiley or Hukill outside the scope of their state employment. A claim against a state employee in his/her official capacity is not cognizable under Section 1983. *Glenn v. State ex rel. Dept. of Corrections*, 1997 OK CIV APP 42, 943 P.2d 154, 155, (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, Plaintiff has failed to state a claim against Dr. Wiley or Hukill for any Section 1983 claims, and these claims should be dismissed.

### III.     Dr. Wiley and Hukill are entitled to qualified immunity on all claims.

"Under the doctrine of qualified immunity, government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate established statutory or constitutional rights of which a reasonable person would have known." *Douglas v. Dobbs*, 419 F.3d 1097, 1100 (10th Cir. 2005)(citations omitted). Government officials, such as Dr. Wiley and Hukill, are entitled to a presumption of immunity. *See Rooks v. State of Oklahoma ex rel., Okla. Corp. Comm'n.*, 1992 OK CIV APP 155, ¶ 4, 842 P.2d 773, 776. When a defendant raises a claim of qualified immunity, the burden shifts to the plaintiff to show the defendant is not entitled to immunity. *See Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). To overcome a qualified immunity defense, a plaintiff must first assert a violation of constitutional or statutory right and then show that the right was clearly established. *See Garramone v. Romo*, 94 F.3d 1446, 1449 (10th Cir. 1996).

"**Qualified immunity** as it applies to civil rights suits '**is an immunity from suit rather than a mere defense to liability; and** like an absolute immunity it **is effectively lost if a case is permitted to go to trial**.'" *Phillips v. Wiseman*, 1993 OK 100, ¶ 3, 857 P.2d 50, 52 (emphasis added)(quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Furthermore, the protections of

qualified immunity extend to precluding the common pangs of litigation, including discovery. *Rooks*, 1992 OK CIV APP 155 at ¶ 3, 842 P.2d at 776. Because "qualified immunity questions should be resolved at the earliest stage of litigation" and qualified immunity is a question of law, Dr. Wiley's and Hukill's immunity are ripe for decision. *See Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987). Where, in the first instance, the Court cannot find a constitutional right at issue, the individual defendant is immune and the Court should refuse to exercise jurisdiction over her. *Phillips*, 1993 OK 100 at ¶ 4, 857 P.2d at 52.

Plaintiff has not alleged specific facts, only unsupported conclusory statements that fail to identify how Dr. Wiley and Hukill violated her constitutional or statutory rights and she fails to identify how Dr. Wiley and Hukill would have known her conduct, if any, was contrary to clearly established statutory or constitutional rights. Plaintiff has not and cannot assert facts tending to support a constitutional right violation, as no constitutional right is even at issue. Due to their qualified immunity, Dr. Wiley and Hukill should be completely dismissed from this action.

### i. *Qualified immunity on 1983/First Amendment claim*

"[I]n order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clear weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). Speech pertaining to internal personnel disputes (even where an employment dispute is being elevated to the level of joining similar complaints by multiple employees) and working conditions -- such as the speech here -- has never been held to be a matter of public concern. *See Woodward v. City of Worland*, 977 F.2d 1392, 1403-04 (10th Cir. 1992). As such, the Court cannot conclude Dr. Wiley or Hukill violated any clearly established rights of Plaintiff under the First Amendment and they are entitled to qualified immunity. *See, e.g., id*.

### ii.     *Qualified immunity on 1983/First Amendment claim*

Likewise, there is no case law holding that under Oklahoma law an at-will employee has a right to procedural due process prior to termination.  *See* Section II(C), above, at pp. 9-11.  The law is not clearly established that a reasonable person in Dr. Wiley's or Hukill's positions would have known that by terminating Plaintiff, a non-contract, non-tenure employee, without a hearing would violate her constitutional rights.  As such, Dr. Wiley and Hukill are entitled to sovereign immunity.

### **CONCLUSION**

Plaintiff admits she has not exhausted her administrative remedies and alleges that upon doing so, she will amend her pleading to add claims under the Oklahoma Governmental Tort Claims Act and Title VII.  Defendants request the Court order any and all such claims are precluded and/or estopped from being asserted against all of the Defendants granted the relief requested herein.  The Board of Regents of the University of Oklahoma, Sheree L. Hukill, and Dr. Joe A. Wiley, respectfully request the Court dismiss the Complaint for the reasons set forth above.

Respectfully submitted,

s/ Shawnae E. Robey
Shawnae E. Robey, OBA #19195
Office of Legal Counsel
University of Oklahoma
660 Parrington Oval, Suite 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Facsimile: (405) 325-7681

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of February, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Brendan M. McHugh
317 S. Lynn Riggs Blvd.
Claremore, OK 74017
*Attorney for Plaintiff*

      s/ Shawnae E. Robey